SMITH, Appellant, v. RICE, Respondent.

27 505
49a 567
27 505
56a 218

1. The relation of maker and endorser of a promissory note so far continues after the recovery of judgments against them at the suit of an endorsee that an agreement with the maker to stay execution as to him for a specified period will operate a discharge of the endorser, and entitle him to a perpetual stay of execution.

*Appeal from St. Louis Court of Common Pleas.*

This was a suit by Irwin Z. Smith on two certain promissory notes against John Sigerson, the maker, and Anapias Rice, the endorser thereof. The suit was instituted in the St. Louis court of common pleas. After the institution of this suit, said Sigerson, on the 10th of October, 1857, confessed a judgment, in the St. Louis circuit court, on said notes in favor of said Smith. On the 19th of November, 1857, the following entry of record was made with respect to the judgment thus confessed : " Now at this day comes the plaintiff herein and consents and agrees that execution may be stayed upon the judgment obtained by him against the said defendant until the first Monday in October, 1858." In the suit instituted in the court of common pleas, the plaintiff, on the 27th of October, 1857, dismissed as to Sigerson and took a judgment by default against Rice. On this judgment an execution was issued and property belonging to Rice was levied on. Rice filed a petition in the court of common pleas setting forth the above facts and praying that said execution might be quashed and a satisfaction of said judgment against Rice entered. The court ordered " that execution against the said defendant, Anapias Rice, on the judgment be perpetually stayed." It is to reverse this order that the plaintiff appeals to the supreme court.

*I. Z. Smith*, for appellant.

I. The record does not show that there was any valid agreement for the stay of execution. It was a mere order to the clerk. It might at any time have been countermanded.

(1 Bailey, 412; 9 Thomp. 382; 4 Strobh. 87; 11 S. & R. 179; 4 McLean, 87; 3 McLean, 376; 5 Wend. 505.) Even if the agreement was valid, it would not discharge the en_dorser. The rule that giving time to the maker discharges the endorser does not apply after judgment. (2 Chitt. R. 125; Sto. on Notes, 417; 8 M. & W. 669; Thompson on Bills, 542.) None of the rights of the endorsee were affected. By paying the amount of the judgment, he could have maintained an action against the maker for so much money paid. (Bullock v. Campbell, 9 Gill, 182; Hammond v. Freeman, 9 Ark. 62.)

*Decker*, for respondent.

I. If a principal discharges or gives time to the other principal, he discharges all the sureties, where such time is given without the consent of the other sureties. (2 Blackf. 14; 2 Ves. jr. 540; 12 Wheat. 557; 6 Pet. 250; 9 Barn. & Cress. 707; 10 id. 578; 3 B. & P. 363; 2 Camp. 179; 2 B. & P. 60; 8 East, 576; 15 id. 617; 4 Ad. & El. 577; 2 Swanst. 193; 4 Taunt. 456; 7 id. 126; 3 Esp. 46; 2 Meriv. 271.)

RICHARDSON, Judge, delivered the opinion of the court.

The doctrine may be considered as settled in this state— where law and equity are administered in the same form and in the same suit—that a judgment does not extinguish the relation of principal and surety; (Morton v. Rice, 19 Mo. 263;) and the same causes that will discharge a surety will discharge an endorser. (Bank U. S. v. Hatch, 6 Pet. 250.)

The entry in the record in the case of the plaintiff against Sigerson in the circuit court, on the 19th November, 1857, by which the plaintiff consented and agreed that execution on the judgment should be stayed, ought to stand on as high ground as an agreement of a like kind under seal, and is certainly evidence of a valid contract. The plaintiff put it out of his power to sue out execution before the first Monday of October, 1858, and the record entry operated as a valid contract for delay whereby the plaintiff suspended his remedy

against the principal for a stipulated period. The plaintiff had no right to receive payment of the judgment from Rice before October, 1858, because he had agreed with Sigerson to wait until that time; and if Rice had paid the judgment he would not have been entitled to immediate recourse on Sigerson, because the latter could not be compelled to pay the endorser any sooner than payment could have been demanded by the creditor; for, having secured an extension of time by a valid contract with a person authorized to make it, he would not lose the benefit of the indulgence by the premature payment of the debt by the endorser.

The principle on which the surety is discharged, when an agreement to give time for a sufficient consideration is made by the creditor and the principal debtor, is very clearly stated by Chancellor Kent, in King v. Baldwin, 2 Johns. Ch. 559: " The surety is entitled to pay the debt when it becomes due, or he may call upon the creditor, by the aid of this court, to enforce his demand against the principal debtor. On paying the debt, he is entitled to the creditor's place by substitution; and if the creditor, by agreement with the principal debtor without the surety's consent, has disabled himself from suing when he would otherwise have been entitled to sue under the original contract, or has deprived the surety on his paying the debt from having immediate recourse to his principal, the contract is varied to his prejudice and he is consequently discharged."

In this case the plaintiff could not proceed on the original debt, because it was merged in the judgment; and he could not enforce the judgment, because he had agreed to stay the execution. The courts will not inquire whether the delay has in fact been injurious, for the presumptive injury to the surety is sufficient to exonerate him. (Hoffman v. Hurlbert, 13 Wend. 377.) In the case for 6 Pet. 250, the Bank had instituted suit against the drawer of a bill of exchange, and the attorney of the Bank having made an agreement for a valuable consideration with the defendant that the suit

should be continued without judgment until the term after that at which judgment would have been entered, it was held that the endorser was discharged.

The other judges concurring, the judgment will be affirmed.