————o————

FREDERICK GRUBE, Appellant, *vs.* HENRY STILLE, Respondent.

1. *Bills and notes—Acceptor—Laches in suing, effect of as to ultimate rights and remedies.*—The vendor of certain merchandise, on the verbal request of the purchaser, drew a bill of exchange for the amount due, and the latter then procured an acceptance thereof by a commission merchant with whom he had dealings, and who charged the acceptance to his account. The bill was negotiated, and having been dishonored by the acceptor, was paid by the drawer, who thereupon became the holder. After maturity, and during several months the purchaser had business dealings with the acceptor, to whose account, on a final settlement, the acceptance was credited as so much money paid in behalf of the purchaser. During that period, the acceptor being amply solvent, the drawer [then holder], although fully cognizant of the facts, failed to bring suit against the purchaser. *Held,* that the acceptance was not an absolute extinguishment of the debt as to the purchaser, but a liability assumed by the acceptor in the nature of an advancement on behalf of the purchaser, but that under the circumstances, the seller and holder by neglecting for such a length of time to pursue his remedy, and leaving the purchaser to act to his detriment on the assumption that he looked entirely to the acceptors for payment, could not after the lapse of two years disregard the acceptance and bring suit on the original cause of action.

*Appeal from Franklin County Circuit Court.*

*Ewing & Smith, with Halligan,* for Appellant.

I. The holders of the bill exercised due diligence. It was an inland bill of exchange, possessing every quality of negotiability; and all the diligence required of the holder was the

due presentment, demand and protest. Stille knew of its dishonor; Jackson & Company were his factors and agents, and the case stands exactly as if Grube had drawn on him and he had accepted and dishonored the bill. After that Grube had a right to look to him, whether Jackson & Company became insolvent or not. But Stille took no steps to protect the paper.

II. What right had Stille to allow Jackson & Co. a credit for the amount of his dishonored bill? Such allowance was gross negligence, if not a fraud on Grube. In that settlement Stille should have declined to allow it. Jackson & Co. could not, after refusing to pay it, have claimed the acceptance as a set-off.

*John R. Martin,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The case shows that Grube sold to Stille a quantity of wheat, and that he owed him therefor $250; that both parties went to the house of Jas. A. Jackson & Co., in St. Louis, who were the commission merchants of Stille, and that Stille requested the firm to pay the amount to Grube. Jackson & Co. not having the money on hand, Stille verbally requested Grube to draw a bill of exchange on them at ten day's sight, for the sum named, and asked the firm to accept the same.

Grube thereupon drew a bill in favor of one Fisher, for the amount, and Jackson & Co. accepted it, and charged the acceptance to Stille's account. Fisher negotiated the bill, and Jackson & Co. failed to pay it at maturity, and it was duly protested. Grube paid the bill thus dishonored to Fisher, and took the same into his possession, and has ever since retained it.

Stille, after the acceptance, continued his dealings with Jackson & Co. for a number of months, and made consignments to them, and they paid him, during the time, several hundred dollars, and upon a final settlement he allowed them as a credit, the acceptance in favor of Grube, as so much money paid in his behalf. Jackson & Co. afterwards became

insolvent, and nearly two years after the bill was drawn and accepted, Grube instituted this suit against Stille, on the original cause of action, as for wheat sold and delivered.

In the court below judgment was rendered for the defendant.

The evidence shows that for several months after the maturity of the bill the money could have been made from Jackson & Co., the acceptors. Had the bill or draft been received by Grube in absolute payment, there would be no difficulty in the case, but it was not submitted on that hypothesis, and the court did not find such to be the fact.

As a general rule there is no obligation of active diligence on the part of the holder to sue the acceptor or any other party to the bill, and he may be passive or forbear to sue as long as he chooses, providing he does not enter into a binding agreement not to sue the acceptor, so as to suspend his remedy against him to the detriment or prejudice of other parties interested. (Chitty Bills, 8 ed., pp. 442, 3.) But it is a principle which is constantly acted upon and applied, that anything whatever done by a holder of a bill or note, which must necessarily have the effect of destroying, delaying, lessening, or in any way embarrassing the rights or remedies of other parties against parties to them, discharges all the parties thus injuriously affected from any claim by the holder himself, or by any one who must claim by or through him. (2 Pars. N. & B., 241.)

In this case it is true Stille could at any time have taken up the bill and paid Grube what was coming to him, and then Jackson & Co.'s acceptance would have amounted to nothing. It would have been wholly invalidated, and the charge on their books against Stille would have constituted no obligation against him. But our determination must rest upon the facts and the actions of the parties. When Stille requested Grube to draw the draft or bill on Jackson & Co., and the latter firm agreed to accept it on Stille's account, it was well understood that it was to pay a debt which Stille owed. It was in fact an assumed liability, and in the nature

of an advancement by Jackson & Co. on Stille's account. The firm had rendered themselves liable, and they charged Stille with the amount. The liabilities of the respective parties were each fixed. The drawing of the bill, the acceptance and the charging of the amount to Stille, were all parts forming a connected whole. Taken together they made up the entire transaction. All the parties were cognizant of the facts. And while it appears that some time after the protest and failure to pay, Stille was notified that the draft had not been paid, yet it does not appear that within any reasonable time there was any intention of holding him responsible. Grube held on to the draft, and permitted Stille to go on in the usual course of dealing with the firm for months, when the firm was solvent and the money could have been made from them, and at the settlement of their business transactions, the acceptance being charged on their books, he allowed them a credit for it.

From the ·actions of Grube, Stille had a right to presume that he relied on the firm for payment, and because the firm afterwards failed, and he was disappointed in his expectation, it would be unjust to allow him to turn around and recover it from Stille, who had once paid it, in consequence of his acts. When we consider what transpired at the time the bill was drawn, and the subsequent actions of the parties, we are all of the opinion that the judgment was for the right party

The judgment is affirmed. All the other judges concur.