STILLWELL, *Appellant,* v. AARON.

**Principal and Surety**: RELEASE OF SURETY BY EXTENDING TIME OF PAYMENT. An agreement between the creditor and the principal debtor to extend the time for payment of the debt for a definite period, if founded upon a sufficient consideration and made without the surety's consent, will discharge the surety. Payment of interest in advance is a sufficient consideration, even if it be at a usurious rate. One who signs a note as joint maker, will be allowed the benefit of this rule as against an indorsee for value, if it appears that he is really a surety, and the note was executed by him and was taken by the indorsee with the understanding that he should occupy that position.

*Appeal from Hannibal Court of Common Pleas.*—HON. JOHN T. REDD, Judge.

*Waters & Winslow* with *W. P. Harrison* for appellant.

In order to discharge the surety, an agreement to extend the time of payment must have been made by plaintiff with the principal debtor upon a sufficient consideration, one which would have estopped him from bringing his action against the debtor for a fixed and definite period of time beyond the day of payment named in the note. Under this rule defendant was not exonerated by the evidence in this case. (1) Blaine & Steers were the principal debtors, defendant was the surety and William Steers the indorser. While Steers was liable as a member of the firm of Blaine & Steers, as a maker, he was also liable as indor-

ser.   He got the money of the plaintiff on his indorsement. If as to plaintiff he is to be regarded an indorser, then he could make no agreement for time that would discharge the defendant.   *Hubbly v. Brown*, 16 John'. 70 ; *Whiting v. Stage Co.*, 20 Iowa 554.   If the holder of a note, who, at the time he discounted it knew it was for the accommodation of the indorser, give time to the indorser without the maker's consent, the latter is not discharged.   *Walker v. Bank*, 12 Serg. & R. 382.   After indorsement the maker of a promissory note stands as principal debtor, and the indorser stands as surety.   As between themselves, the payee, before negotiation, may be the principal debtor and the maker the surety.   This is always the case between an accommodation maker and payee, but in the hands of the indorser the paper is to him just what it purports to be on its face, and time given under an agreement with the indorser does not discharge the maker.   *Love v. Brown*, 38 Pa. St. 308 ; *Yates v. Donaldson*, 5 Md. 389.   (2) The consideration paid for the extension of time was interest in advance, and if so, although usurious, it will not support the agreement.   The amount paid is exactly one month's interest at twelve per cent.   *Rucker v. Robinson*, 38 Mo. 158; *Hosea v. Rowley*, 57 Mo. 357 ; *Bank v. Harrison*, 57 Mo. 503; Byles on Bills, 390; Parson's Mer. Law, 69, 93. (3) The period of the alleged extension is not precise or definite.   *Miller v. Stem*, 2 Pa. St. 286 ; *Rucker v. Robinson*, 38 Mo. 158.

*W. H. Hatch* and *James Carr* for respondent, cited *Semple v. Atkinson*, 64 Mo. 504; *Germ. Sav. Asso. v. Helmrick*, 57 Mo. 100 ; *Smarr v. Schnitter*, 38 Mo. 478; *Smarr v. McMaster*, 35 Mo. 349; *Clarkson v. Creely*, 35 Mo. 95; *Smith v. Rice*, 27 Mo. 505 ; *Dodd v. Winn*, 27 Mo. 501; *Globe Mut. Ins. Co. v. Carson*, 31 Mo. 218; *Bank of Albion v. Burns*, 46 N. Y. 170 ; *Deal v. Cochran*, 66 N. C. 269 ; *Ide v. Churchill*, 14 Ohio St. 372 ; *Pipkin v. Bond*, 5 Iredell Eq. 91 ; *Haynes v. Covington*, 9 S. & M. 470 ; *Wadlington v. Gary*, 7

S. & M. 522; *Miller v. McCan*, 7 Paige 451; *Sailly v. Elmore*, 2 Paige 497; *Huffman v. Hulbert*, 13 Wend. 375; *Haden v. Brown*, 18 Ala. 641; *King v. State Bank*, 9 Ark. 185; *Combe v. Woolf*, 8 Bing. 156; *s. c.*, 1 Moore & Scott 241; *Caldwell v. McVickar*, 9 Ark. 418; *Heath v. Key*, 1 Younge & Jer. 434; *Ferguson v. State Bank*, 8 Ark. 416; *Branch Bank v. James*, 9 Ala. 949; *Thomas v. Stetson*, 59 Me. 229; *Calliham v. Tanner*, 3 Rob. (La.) 299; *Edwards v. Coleman*, 6 T. B. Monroe 567; *Varnum v. Milford*, 2 McLean 74; *Menifee v. Clark*, 35 Ind. 304; *Freeland v. Compton*, 30 Miss. 424; *Board of Police v. Covington*, 26 Miss. 470; *Gardner v. Watson*, 13 Ill. 347; *Thornton v. Dabney*, 23 Miss. 559; *Alcock v. Hill*, 4 Leigh 622; *McGee v. Metcalf*, 12 S. & M. 535; *Hayes v. Wells*, 34 Md. 512; *Parnell v. Price*, 3 Rich. L. 121; *Woolfolk v. Plant*, 46 Ga. 422; *Bucklen v. Huff*, 53 Ind. 474; *Scott v. Saffold*, 37 Ga. 384; *Montague v. Mitchell*, 28 Ill. 481; *Harbert v. Dumont*, 3 Ind. 346; *Kennedy v. Evans*, 31 Ill. 258; *Cross v. Wood*, 30 Ind. 378; *Grafton Bank v. Woodward*, 5 N. H. 99; *Austin v. Dorwin*, 21 Vt. 38; *Vilas v. Jones*, 10 Paige 76; *White v. Whitney*, 51 Ind. 124; *Wittmer v. Ellison*, 72 Ill. 301; *Myers v. First National Bank*, 78 Ill. 257; *Calvin v. Wiggam*, 27 Ind. 489; *Redman v. Deputy*, 26 Ind. 338; *Rose v. Williams*, 5 Kan. 483; *Christner v. Brown*, 16 Iowa 130; *Peoples' Bank v. Pearsons*, 30 Vt. 711; *Warner v. Campbell*, 26 Ill. 282; *Lime Rock Bank v. Mallett*, 34 Me. 547; *Flynn v. Mudd*, 27 Ill. 323; *Dubuisson v. Folkes*, 30 Miss. 432; *Wright v. Bartlett*, 43 N. H. 548; *Wiley v. Hight*, 39 Mo. 130; *Ransom v. Hays*, 39 Mo. 445; *Rutherford v. Williams*, 42 Mo. 18; *Marks v. Bank of Mo.*, 8 Mo. 316.

HENRY, J.—This was a suit on a note for $2,000, executed by Blaine & Steers, and the defendant, John Aaron, dated February 18th, 1873, payable 180 days after its date to William Steers, and by him indorsed to the plaintiff. The note was given for money borrowed by Blaine & Steers of Stillwell; the defendant, Aaron, was but the surety of

the firm, and this was known to Stillwell when he received it.   The evidence, on the part of the defendant, tended to show that when the note became due Blaine & Steers paid thereon $1,000, and that in consideration of $10 then paid to Stillwell, he agreed with William Steers, one of the firm of Blaine & Steers, and the payee and indorser of the note, to extend the time for payment of the balance one month, and that John Aaron was neither apprised of, nor consented to, the extension.   For plaintiff, the court instructed the jury as follows : "Although the jury may believe from the evidence that Blaine & Steers were the principal debtors on the note, and that Aaron was only the security thereon, and that at maturity of said note Stillwell was the holder of said note, and as such he did, in consideration of $10 paid him by Steers, one of the firm of Blaine & Steers, agree with Steers to extend the time for payment of said note, for a definite time, without the consent of Aaron ; yet if they find from the evidence that said $10, paid by Steers, was paid as interest in advance on said note, for said time, to procure said extension, and was so accepted and received by Stillwell, then the agreement so made by Stillwell did not discharge said Aaron, and the verdict should be for plaintiff."   In another instruction the court declared that if, at the time of payment of the $1,000, it was agreed by plaintiff, and Blaine & Steers, in consideration of $10, then paid by Steers to plaintiff, that the latter should extend the time of payment on the balance due for thirty or sixty days, such agreement did, by operation of law, release de- fendant from all liability on said note.   There was a verdict and judgment for defendant, from which judgment plaintiff has prosecuted an appeal to this court.   Many instructions were given and refused, but the foregoing fully present the questions which it is deemed necessary to consider.

It has uniformly been held in this State, that if a creditor, for a valuable consideration, make an agreement with the principal debtor which suspends his right of action on the demand for a definite period of time, without the

consent of the surety, it operates to discharge the surety. 19 Mo. 263; 27 Mo. 501, 505; 31 Mo. 218; 38 Mo. 480; 57 Mo. 100, 385; 58 Mo. 550; 63 Mo. 46; 65 Mo. 562; *State to use v. Roberts*, 68 Mo. 234. The doctrine is stated by Savage, C. J., in *Wood v. Jefferson County Bank*, 9 Cowen 206, as follows: "If the creditor, by agreement with the principal debtor, without the consent of the surety, varies the terms (of the contract) by enlarging the time of performance, the surety is discharged." In *Kincaid v. Yates*, 63 Mo. 47, it is thus stated: "If the creditor enters into any binding contract, the effect of which will be to give further time to the principal debtor without the consent of the surety, the surety will be discharged." The contract or agreement which the authors of the above extracts had in their minds, was not an alteration of the original contract by erasure of terms from it, or the addition of stipulations to the original contract by interlineation. This would release the surety without any reference to the principle under consideration, whether such interlineation or erasure were made for a valuable consideration or not. It would then not be the contract the surety signed, and he could safely plead *non est factum*, or prove the fact under the general issue, if sued on a contract not under seal.

An agreement to extend the time will discharge the surety, whether the agreement is indorsed upon the obligation, or be evidenced by erasure or interlineation or by a collateral agreement. The adjudicated cases which support this proposition are innumerable, and nearly all, if not all, that will be subsequently cited in this opinion fully sustain it. Familiar principles of elementary law, we think, may also be safely invoked in its support. "In case of a simple contract in writing, oral evidence is admissible to show that by a subsequent agreement the time of performance was enlarged, or the place of performance changed." 1 Greenleaf Ev., § 304. "Neither is the rule (that extrinsic evidence is not admissible to contradict or alter a written instrument) infringed by the admission of

oral evidence to prove a new and distinct agreement upon a new consideration, whether it be as a substitute for the old or in addition to and beyond it." Ib., § 303. The agreement, when made, becomes a part of the original, and just as effectually prevents the creditor from suing before the lapse of time agreed upon as if it were evidenced upon the original contract by erasure or interpolation. The doctrine is broadly stated in Theobold on Principal and Surety, that "the surety is discharged, if, without his consent, the principal parties make a new agreement inconsistent with the terms of the original agreement, or if they agree to make any alteration either in the terms of the original agreement or in the mode of performing them." In *Rucker v. Robinson*, 38 Mo. 158, the court said : "It is well settled that a covenant not to sue upon a claim cannot be pleaded to, and presents no bar to an action on the claim, the only remedy of the covenantee being a suit for damages on the covenant or agreement." We can understand why a covenant not to sue, whether for a definite or indefinite time, might be held not to discharge the surety, although the contrary is held by some courts of the highest respectability. *Wright v. Bartlett*, 43 N. H. 548; *Deal v. Cochran*, 66 N. C. 270. A covenant not to sue is not necessarily an agreement to extend the time for payment. The debtor, or his surety, notwithstanding a covenant not to sue the principal debtor, could, if he desired, pay the demand before the expiration of the time named in the covenant, and the creditor would be compelled to receive it. Such a covenant neither modifies the original agreement nor changes its terms, but leaves that contract in full force, and does not suspend the right of action upon it. Not, so, however, as to an agreement upon sufficient consideration to change the time of payment or performance, or any other of the terms of a contract. The contract, when it has been so modified, is at an end, and the terms of the new agreement become substitutes for so much and a part of the original contract. Greenleaf Ev., *supra*.

The evidence in this case tended to prove an express agreement, in consideration of $10 paid to the creditor, for an extension of the time for payment of the balance of the note. If it was legal interest in advance, the payment thereof was a sufficient consideration to support the express promise. " In the first place, as to considerations arising from benefit or injury. The principal requisite, and that which is the essence of every consideration, is that it should create some benefit to the party promising, or some trouble, prejudice or inconvenience to the party to whom the promise is made. Wherever, therefore, any injury to the one party, or any benefit to the other party, springs from a consideration, it is sufficient to support a contract. Story on Contracts, § 548. " Every party to a contract may ordinarily exercise his own discretion as to the adequacy of the consideration, and if the agreement be made *bona fide*, it matters not how insignificant the benefit may apparently be to the promisor, or how slight the inconvenience or damage appear to the promisee, provided it be susceptible of any legal estimation." Ib.

That interest paid in advance is a sufficient consideration to support a contract for the extension of the time of payment of a note, or other money demand, is fully sustained by the following cases : *Smarr v. Schnitter*, 38 Mo. 479 ; *Lime Rock Bank v. Mallett*, 34 Me. 547 ; *Bank v. Woodward*, 5 N. H. 99 ; *Wright v. Bartlett*, 43 N. H. 548 ; *Montague v. Mitchell*, 28 Ill. 485 ; *Kennedy v. Evans*, 31 Ill. 258 ; *Myers v. First National Bank*, 78 Ill. 258 ; *Cross v. Wood*, 30 Ind. 378 ; *White v. Whitney*, 51 Ind. 124 ; *Vilas v. Jones*, 10 Paige 76 ; *Miller v. McCan*, 7 Paige 451 ; *Kenningham v. Bedford*, 1 B. Monroe 325 ; *Austin v. Dorwin*, 21 Vt. 38 ; 72 Ill. 301 ; 2 N. H. 333 ; 6 N. H. 504. In most of the above cases it was held that payment of usurious interest is a sufficient consideration for the promise to extend the time of payment. We are aware that the contrary was held in *Wiley v. Hight*, 39 Mo. 132, and in the *Farmers' & Traders' Bank v. Harrison*, 57 Mo. 506 ; but the case principally

relied upon to support the ruling was *Marks v. Bank of Mo.*, 8 Mo. 318, in which Judge Scott expressly stated, as the ground of that decision, " that the usurious interest might have been recovered back the next moment after it was paid." Such is not the law at present in this State. *Ransom v. Hays*, 39 Mo. 445; *Rutherford v. Williams*, 42 Mo. 18. If usurious interest be paid, it cannot be recovered back, and if one make an agreement to extend the time of payment of a note, or other money demand in consideration of usury paid, the agreement is binding upon him. If the consideration be a promise to pay usury, as this promise could not be enforced, and would not sustain an action, the contract would not bind the other party. The distinction is between executed and executory contracts. In *Fawcett v. Freshwater*, 31 Ohio St. 637, an agreement in consideration of the same rate of interest named in the note, for extension of time of payment, without payment of interest in advance, if made without the knowledge of the sureties, was held to discharge the sureties.

It is contended, by the appellant's counsel, that defendant, having executed the note as a maker, stands as a principal debtor after indorsement, and the indorser as a surety. This might be true if the paper were negotiated in the ordinary course of business. If Stillwell had purchased the note of the payee, even with knowledge that Aaron had executed it for accommodation, he, under the cases cited by counsel, would have had the right to treat him as a principal, and Steers, the indorser, as his surety, throughout. The cases cited fully sustain that view. But here there was a borrowing of money. It was pre-arranged by Stillwell and Blaine & Steers, who borrowed the money, that the latter should procure the name of some other person to the note as surety. It was in no sense the case of a note negotiated in the ordinary course of business, or rather of a note bought by Stillwell of the payee. It was of such a note that it was said, in the *Bank of Montgomery v. Walker*, 9 Serg. & Rawle 238, that: " When the note was indorsed,

it passed into the defendant's hands as a business note, it was drawn in that form, it was negotiated in that form, it assumed that shape to serve the purpose of Walker & George." There Walker & George, the payees, were the principal debtors, and the maker had executed the note for their accommodation. That case is distinguishable from this in the fact that there the note was executed by the maker, under circumstances which indicated that he intended to be held as the principal debtor. In *Laxton v. Peat*, 2 Campb. 185, the doctrine was announced by Lord Mansfield, that: "If the indorsee of a bill of exchange, having notice that it was accepted without consideration, receive part payment from the drawer, and give time to pay the residue, he thereby discharges the acceptor." But this was afterwards denied in *Kerrison v. Cook*, 3 Campbell 362, by Gibbs, J., and also in *Ex parte Wilson*, 11 Vesey 410; also in *Fentum v. Pocock*, 5 Taunt. 192. We think it will be found that the recent American cases do not hold the strict doctrine announced in the English cases, which repudiate that held by Lord Mansfield, in *Laxton v. Peat*. Regard is paid to the substance of the transaction, and the agreement of the parties express or implied. If one who is but surety execute a note as maker, or accept a bill intending to be held as principal, and the security is so taken by the indorsee, he may be treated in the character he has assumed on the face of the transaction, notwithstanding the holder, when he received the security, was aware that the maker, or acceptor had become so for the accommodation of the drawer of the bill or indorser of the note. This proposition the authorities fully sustain.

The *German Savings Association v. Helmrick*, 57 Mo. 101, was a case like the present. The note was executed by Helmrick & Co. and Jas. M. Ward, payable to Helmrick & Co., who assigned it to the German Savings Association. Ward executed the note for the accommodation of Helmrick & Co., and the court decided that Ward was released in consequence of a binding agreement for extension of the

time of payment between the holder and Helmrick & Co. In the case at bar the court erred in its instruction, not to the prejudice of plaintiff, however, but against the defendant. The cases of *Hosea v. Rowley*, 57 Mo. 357, and the *German Savings Association v. Helmrick*, 57 Mo. 101, seem to have been misunderstood by the court below. The opinions in those cases do not really assert a doctrine different from that here announced. The judgment is affirmed, all concurring.

AFFIRMED.