WILD v. HOWE *et al., Appellants.*

**Usury**: CONSIDERATION: PRINCIPAL AND SURETY. Payment of usurious interest is a sufficient consideration for a promise to extend the time of payment of a note. An extension made upon such consideration without the consent of a surety, will exonerate him.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*John M. Voris* and *Wm. N. Norville* for appellants.

*L. T. Collier* for respondent, cited 2 Am. Lead. Cas., 310; *Howell v. Sevier*, 1 Lea 360; s. c., 27 Am. Rep. 771; *Pyke v. Clark*, 3 B. Mon. 262; *Scott v. Hall*, 6 B. Mon. 285; *Graves v. Graves*, 7 B. Mon. 213; *Rucker v. Robinson*, 38

Mo. 156; *McCune v. Belt*, 38 Mo. 290; *Wiley v. Hight*, 39 Mo. 132

NORTON, J.—This suit was instituted in the circuit court of Livingston county upon a promissory note executed by defendants to plaintiff for the sum of $441. De-fendant Peugh set up in his answer that he executed the note as security for the defendant, Lewis Howe, and that plaintiff knew that he signed it as security, and then averred, that plaintiff, without his knowledge or consent, after said note became due, for a valuable consideration, agreed with defendant Howe to extend the time of payment on said note for one year. On the trial, plaintiff obtained judgment for the sum of $295.92; from which defendant Peugh appealed, and assigns for error the action of the court in refusing certain instructions asked by him.

The evidence offered on the trial tended to show that defendant Peugh was only security upon the note in suit, and that, after the maturity of the note, and previous to the 18th day of September, 1877, defendant Howe had paid plaintiff the sum of $236.60 to be applied on said note; that said payment not being credited on the note, the plaintiff and defendant Howe, on the 18th day of September, 1877, had a settlement, in which it was agreed that plaintiff should deduct from said payment $20 for a note which said Howe had executed to plaintiff for five per cent interest in addition to the ten per cent agreed to be paid on the note sued upon, and, also, an additional deduction sufficient to make the interest fifteen per cent from the time the note in suit was due up to date of settlement; that defendant Howe agreed to allow said deductions on the consideration that plaintiff would wait, or extend the time of payment of said note, till November or December, 1877; that plaintiff assented to this arrangement; that the said deductions were made from the said payment of $236.-50, and the balance credited on the note; that the extra five per cent was allowed with the understanding that

plaintiff was to extend the time of payment. On this evidence defendant Peugh asked several instructions, to the effect that if the court sitting as a jury believed that defendant paid plaintiff the extra five per cent as a consideration for the extension of the time for the payment of said note, and that plaintiff agreed to extend the time, and that all this was done without the knowledge or consent of Peugh, the surety, it would find for defendant, although the court might believe that said five per cent was usurious interest.

These instructions were refused, and in so doing the court committed error, as will be seen by reference to the case of *Stillwell v. Aaron*, 69 Mo. 539, where it was held that payment of usurious interest is a sufficient consideration for a promise to extend the time of payment of a note. The case of *Wiley v. Hight*, 39 Mo. 130, to which plaintiff's counsel has cited us, as establishing a contrary doctrine, as well as the case of *Farmers & Traders' Bank v. Harrison*, 57 Mo. 506, and of *Marks v. Bank of Mo.*, 8 Mo. 318, are reviewed and in effect overruled. For the error committed by the court in refusing to give the instructions asked by defendant embracing the principle announced in the case of *Stillwell v. Aaron*, *supra*, the judgment will be reversed and the cause remanded, in which all concur, except RAY, J., absent.