COMMERCIAL BANK OF LEXINGTON, MISSOURI, Respondent, v. MARIA WOOD, Appellant.

Kansas City Court of Appeals, January 8 and 29, 1894.

1. **Principal and Surety:** INDORSEE'S EXTENSION TO MAKER'S GRANTEE; DISCHARGE. Patton made his promissory note to defendant and gave a mortgage to secure the payment. Defendant indorsed the note to plaintiff. Patton conveyed the mortgaged premises to McKain who assumed the note. McKain afterwards conveyed the property to Schneider Meyer, who also assumed the note. Plaintiff, by agreement with Schneider Meyer, in consideration of his paying the interest every ninety days, extended the time of payment. Plaintiff afterwards foreclosed the mortgage and crediting the proceeds on the note sued defendant for the balance. *Held:* (1) The payment of interest in advance is a sufficient consideration for the extension of the time of payment. (2) The defendant's indorsement made her a surety for Schneider Meyer, whose assumption of the note was for the plaintiff's benefit and made him principal debtor as to plaintiff. (3) As surety defendant had the right any time after the note was due to pay the same and substituted to the rights and remedies of the plaintiff. (4) The agreement to extend the time of payment was such a contract as would bar plaintiff from suit on the note or from foreclosure of the mortgage and release the defendant. (5) The arrangement for paying the interest at the expiration of each period of ninety days was sufficient consideration to support the contract to extend, whether it was usurious or not. (6) The distinction between actually paying an illegal sum and promising to pay it is noted.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED.

*J. D. Shewalter* for appellant.

(1) A valid agreement for an extension of time, for a valuable consideration, and for a definite period,

releases the security not assenting thereto.    Parsons on Bills and Notes, 238; *Ins. Co. v. Carson et al.*, 31 Mo. 218; *Smarr v. Schnitter et al.*, 38 Mo. 478; *Stillwell v. Aaron*, 69 Mo. 539; *Bank v. Leavitt*, 65 Mo. 562; *Ins. Co. v. Hauck*, 83 Mo. 21; *Ins. Co. v. Hauck*, 71 Mo. 465.    (2) The payment of interest in advance is a sufficient consideration to support a promise or agreement for the extension of time.    *Ins. Co. v. Hauck, supra; Ins. Co. v. Hauck, supra.*    See authorities collected, p. 545, last case.    And a promise for extension of time founded on usurious interest is valid.    *Wild v. Howe et al.*, 74 Mo. 551; *Stillwell v. Aaron, supra*; *Given v. Corn*, 20 Mo. App. 135; 1 Parsons on Cont. [7 Ed.], 473.    (3) All parties who are ultimately liable are released by a valid agreement for an extension of time to which they have not assented.    The term "surety" is not limited to one who is a mere security upon the note, in its strict or limited sense, but embraces all persons, payees, indorsers and others who upon payment would be entitled to recourse against the maker.    2 Daniel, Neg. Inst., secs. 1302, 1303, 1317; *Stillwell v. Aaron, supra*; *Grube v. Stille*, 61 Mo. 475; *Smith v. Rice*, 27 Mo. 505; *McUne v. Belt et al.*, 38 Mo. 292.    (4) The purchaser of real estate who assumes, by the deed to him, the payment of a pre-existing lien as a part of the consideration of his purchase, becomes thereby personally bound for the debt.    *Fitzgerald v. Barker*, 13 Mo. App. 192; *McAdaras v. King*, 10 Mo. App. 578; *Rogers v. Goswell*, 58 Mo. 589; *Ensworth v. King*, 50 Mo. 477.

*Wallace & Chiles* for respondent.

(1) The agreement for indulgence in order to discharge the drawer or indorser must be made with the maker or acceptor, who is the principal debtor.    If it

be made with a third party it will not affect the drawer or indorser's remedies, although such third party may have his appropriate remedy for breach of contract with him.  2 Daniel on Neg. Inst., sec. 1324;  2 Parsons on Bills on Notes, sec. 241.  Tiedeman on Com. Paper, sec. 424, last clause on pp. 706-7;  2 Randolph on Com. Paper, sec. 968.  (2) There was no consideration for the alleged agreements of extension, even with the third party.  The interest agreed to be paid was only ten per cent., the amount specified in the note, and such interest was not paid until it was due.  This is not a valid consideration.  An executory agreement, to compound more than once per annum, would come within the prohibition of the statute, and be therefore invalid, but it is not usury.  This identical question is presented in *Moore v. Bank*, 22 Mo. App. 684.  (3) The purchaser of real estate assuming the payment of a pre-existing lien thereon as a part of the consideration, becomes personally bound for the debt, but does not thereby become a party to the note secured.  His obligation to pay is evidenced by a separate instrument —his deed—and even then not in writing, but by the fact of his acceptance of the deed.  He is still a third party and a "stranger" to the note, and an agreement with him to extend does not release any parties to the note itself.  See authorities under point 1.

ELLISON, J.—Plaintiff is indorsee of a negotiable promissory note and brought this action against defendant, an indorser who had waived demand, notice and protest.  Plaintiff prevailed in the trial court and defendant has appealed.

The note was executed July 30, 1886, due three years after date, to defendant, by one Patton who, to secure the payment thereof, executed to defendant a mortgage or deed of trust on a certain lot in Kansas

City. Patton sold the lot, in September, 1886, to one McKain who assumed the payment of the mortgage and of the note in suit secured thereby. McKain afterwards, in December, 1889, sold the property to one Schneider Meyer (subject to the aforesaid mortgage) who also assumed the payment of the note in suit. Plaintiff had the land sold under the mortgage and the proceeds of the sale duly entered as a credit upon the note. The suit is for the balance. After Schneider Meyer assumed the payment of the note, plaintiff extended the time of payment to him upon his paying interest at the expiration of several periods of ninety days, thus compounding the interest at these intervals. The payment of interest in advance by the principal debtor is a sufficient consideration to support a contract extending the time of payment for a definite period. *Stillwell v. Aaron*, 69 Mo. 539; *St. Joseph F. M. Co. v. Hauck*, 71 Mo. 465. And in such case the surety is discharged. This proposition of law is well settled and the question now presented is whether they should apply to the facts of this case.

When defendant indorsed and delivered the note in suit to plaintiff (carrying with it the mortgage or deed of trust) plaintiff became, to all intents and purposes, the mortgagee with the right to sue Schneider Meyer directly at law upon his assumption of the debt as grantee of McKain. *Fitzgerald v. Baker*, 70 Mo. 685. The ground upon which this right of the mortgagee creditor is based, is that the promise was made for the benefit of the creditor. Defendant, as indorser of the note to plaintiff, became, in fact, though possessing additional rights, a surety to plaintiff for all those primarily liable on the note. She was thus a surety for Schneider Meyer, who became primarily liable by reason of his having assumed the payment of the note, with all of the surety's rights. "The surety is entitled to pay

the debt when it becomes due, or he may call upon the creditor, by the aid of this court, to enforce his demand against the principal debtor. On paying the debt he is entitled to the creditor's place by substitution; and if the creditor by agreement with the principal debtor without the surety's consent, has disabled himself from suing when he would otherwise have been entitled to sue under the original contract, or has deprived the surety, on his paying the debt, from having immediate recourse to his principal, the contract is varied to his prejudice and he is consequently discharged.'' *King v. Baldwin*, 2 Johns. Ch. 559; *Smith v. Rice*, 27 Mo. 505; *Union Life Ins. Co. Hanford, v.* 143 U. S. 187.

It was a right possessed by defendant to pay off this note at any time after it became due and thereby to become entitled to the mortgage with the right to immediately foreclose on the property described therein. She had the further right to sue Schneider Meyer on his assumption of the debt. Now suppose she had chosen to exercise either of these rights, she would have found herself delayed, hampered and embarrassed by the contract of extension which plaintiff had made with Schneider Meyer. Defendant, by being subrogated to plaintiff's rights in the mortgage, would stand in plaintiff's shoes and, therefore, have to take it incumbered by the contract of extension. *Calvo v. Davies*, 73 N. Y. 211. Plaintiff has chosen to recognize Schneider Meyer as its debtor and has entered into contractual relations with him as such debtor and has interfered with defendant's rights against him, be being liable to her, and has thereby discharged her. "It is a principle which is constantly acted upon and applied, that anything whatever done by a holder of a bill or note, which must necessarily have the effect of destroying, delaying, lessening, or in any way embarrassing the rights or remedies of other parties against parties

liable to them, discharges all the parties thus injur-
iously affected from any claim by the holder himself,
or by any one who must claim by or through him."
*Grube v. Stille*, 61 Mo. 475.

Plaintiff seeks to avoid the force of the contract of
extension of time, by the assertion that the extension of
must be on a contract with the principal debtor and that
Patton, and not Schneider Meyer, is the principal
debtor in this case. But we have already seen that in
this state it is settled that Schneider Meyer by his
*assumpsit* became a principal debtor to the holder of
the note. *Fitzgerald v. Baker*, 70 Mo. 685; *Heim v.
Vogel*, 69 Mo. 529; *Fitzgerald v. Baker*, 85 Mo. 13.
And even in those states where a direct action at law is
not permitted, it is nevertheless held, that the mortga-
gee may in equity assert the mortgagor's right against
the grantee who assumes the debt. Otherwise there
would be circuity of action; the mortgagee creditor
would be compelled to proceed against the mortgagor
debtor and the latter would then, in turn, be compelled
to go upon the grantee. *Union Life Ins. Co. v. Han-
ford*, 143 U. S. 187; *Keller v. Ashford*, 133 U. S. 622–
625, and cases cited; *Osborne v. Cabell*, 77 Va. 467;
*Willard v. Worsham*, 76 Va. 401; *Crowell v. St. Barne-
bas*, 12 C. E. Green, 650. So it is agreed everywhere
(whatever may be the mode of bringing about the result)
that the creditor is entitled, as a right pertaining to his
situation, to take to himself the benefit of the contract
assuming payment which the grantee makes with the
mortgagor.

It is disputed that interest was paid in advance.
The facts are that the note drew "interest at ten per
cent. *per annum* from maturity." The contract of
extension was based on the payment of interest at the
expiration of each period of *ninety days*. This was a
sufficient consideration to support the contract. The

note drew simple interest at ten per cent. per annum. The effect of the several payments, upon which the extensions were made, was to compound the interest every ninety days. This was a benefit to the one party and an injury to the other, and possesses all the elements of a legal consideration. It is true that the compounding of the interest more than once a year is prohibited by statute; and so is usury prohibited, yet the payment of usury is a sufficient consideration to support a promise of this sort. *Weld v. How*, 74 Mo. 551. So, whether compounding the highest legal rate of interest oftener than once a year should be denominated usury makes no difference, it is, when paid, a payment of more than is due and is a sufficient consideration. The case of *Moore v. Macon Sav. Bank* (22 Mo. App. 684) is not applicable, since in that case the interest was only promised and had not in fact been paid. The *promise* to pay an illegal sum is a different proposition from its actual payment. See *Stillwell v. Aaron*, 69 Mo. 546.

It will be noticed that Schneider Meyer is the second grantee who assumed to pay the mortgage debt. This will not alter the result or affect the application of the principle herein asserted. For, "after the first grantee has covenanted to pay the mortgage debt, a like covenant in his deed to the second grantee makes the latter personally liable to pay it." 1 Jones on Mortgages, sec. 747a. And this promise or covenant must necessarily, of course, be held to be also, in this state, for the benefit of the mortgagee.

The result is, that we must reverse the judgment. All concur.