The North Missouri Railroad Company, Defendant in Error, v. Miller *et al.*, Plaintiffs in Error.

1. Certain persons entered into an agreement in the following form : " We, the subscribers, bind and obligate ourselves to subscribe to the capital stock of the North Missouri Railroad Company the sums set opposite our names, one-half the amount to be paid in six months, and one-half in twelve months from this date, on condition that a depot is located on the lands of John F. Diggs, which adjoins High Hill. This subscription is made to comply with the terms on which the directors of said company have made the location of a depot on said Diggs' land." *Held*, that this was a subscription *in presento*, and not a mere agreement to subscribe in future ; that the subscription became absolute upon the location of the depot at the designated place.

### Error to Montgomery Circuit Court.

The plaintiff in her petition sets forth that the defendants executed an agreement in writing, dated July 21, 1856, which is set forth below in the opinion of the court, by which they bound themselves to subscribe to the capital stock of the plaintiff certain sums ; that the plaintiff located the depot in compliance with the condition of said agreement. The breaches assigned are that the defendants did not subscribe as agreed ; that they did not pay to the plaintiff the sums agreed.

At the trial the said agreement was introduced in evidence. The sum set opposite the names of defendants, who signed as partners, was five hundred dollars. It was also shown that

a depot was located by the plaintiff on the lands of Diggs near High Hill, and is now used by the plaintiff. The cause was tried by the court without a jury. The court rendered judgment in favor of the plaintiff.

*Henderson*, for plaintiff in error.

I. The contract was a mere agreement to subscribe. If the contract has been broken, the only remedy is in damages for a failure to subscribe. The location of the depot is not the entire consideration, but upon the location they *would* subscribe. The fourth instruction asked should therefore have been given. It should appear that the company assented to the contract. The location of the defendant is not evidence of such assent. (26 Mo. 102.) The company still holds the stock for sale. There was no evidence that the stock was worth less than par. There are no damages beyond a nominal sum.

*Wells & Wickham*, for defendant in error.

EWING, Judge, delivered the opinion of the court.

The material question in this case is whether the instrument, which is the foundation of the suit, is an actual subscription to the capital stock of the company or a mere agreement to subscribe thereafter. It reads as follows: " We, the subscribers, bind and obligate ourselves to subscribe to the capital stock of the North Missouri Railroad Company the sums set opposite our names, one-half of the amount to be paid in six months, and one-half in twelve months from this date, on condition that a depot is located on the lands of John F. Diggs, which adjoins High Hill. This subscription is made to comply with the terms on which the directors of said company have made the location of a depot on said Diggs' land." The instrument bears date July 21, 1856, and purports to be signed by a number of persons, among whom are the defendants. If the introductory and more formal words of the instrument, taken literally, might

contemplate a future subscription, we think it is manifest, from a view of the whole instrument, that an actual subscription was intended, and that such is the legal effect of the undertaking. That clause of the writing which purports to be explanatory of its objects, and which therefore is more truly expressive of its intent than any other, says: " This subscription is made to comply with the terms on which the directors of said company have made the location of a depot," &c. — thus clearly excluding the idea of a mere agreement to subscribe stock at a future period. The clause relating to the payments also sustains this construction. If it were a mere agreement of the kind contended for, why the stipulation to pay the money within a given time from the date of the instrument, one-half the sum in six and the remainder in twelve months? No corresponding limit is imposed on the company as to the fulfilment of the condition on their part; no right of action could accrue to it until the depot was located; and yet the subscribers have obliged themselves to pay the sums promised within a specified period, without exacting from the company the performance of the condition (which creates the liability to pay) *before* such payment is to be made. This stipulation is consistent only with the idea of an actual subscription *in presento*. This interpretation of the instrument disposes of the questions arising upon the instructions. As to the assent of the company to the terms of the instrument, which it is maintained is not shown, it is only necessary to observe that the directors represent the corporation, and the contract purports to have been entered [into] with them, and on a sufficient consideration, respecting a matter within the scope of their powers. The subscription, which was conditional, has become absolute by the location of the depot at the place designated in the instrument.

Judgment affirmed; the other judges concurring.