GEORGE W. WILEY, Respondent, *v.* WILLIAM P. HIGHT, Appellant.

*Securities—Discharge—Extension of Time.*—The security claiming that he has been discharged by the extension of the time of payment by the creditor to the principal debtor, must show that the time of payment was extended by virtue of a contract valid in law. A contract to extend the time of payment in consideration of the payment of usurious interest is not a contract which the law will enforce.

*Appeal from St. Louis Law Commissioner's Court.*

This suit was commenced against the appellant as endorser of a promissory note for the sum of one hundred dollars, dated June 30, 1860, payable six months after date, with ten per cent. interest from maturity.

On the trial in the Law Commissioner's Court, the plaintiff introduced and read in evidence the note and protest filed in said action, and rested.

The defendant introduced as a witness Washington Hight, who testified that he was the maker of the note in question; that the defendant endorsed the note at his request and for his accommodation solely; that the note was negotiated to one Henry White, who held it until after maturity; that after the maturity of the note, and while White continued to hold it, he paid White money for the purpose of extending the payment thereof; that White agreed that if he would pay him fifteen per cent. interest he would extend the note as long as he desired him to do so, as long as he paid that rate of interest, and he did extend the time of payment; that he paid him in all about fifty dollars for the purpose of procuring such extension; that he never knew any other person in the transaction except White until the action was commenced; that in November last (the trial being February 26, 1864) White offered to settle the matter with him, and talked and acted as if he still owned the note; that at one time after the maturity of the note, by White's direction he left some money with the plaintiff to be paid by him to White,

and when he so left the money with plaintiff he told him it was to be paid by him to White, to be applied upon this note, and it was afterwards so applied—and that plaintiff received such money to be paid by him to White, to be applied on this note; that all this was done without any knowledge of the defendant, and that White never held but one such note against him, and that he never saw the note after he first delivered it to White until since the commencement of suit thereon.

The defendant asked the court to give the following instruction or declaration of law, viz.:

" If this court, sitting as a jury, shall believe from the evidence in the cause that the defendant endorsed the note in question for the accommodation of the maker; that after such endorsement the maker negotiated the same to one Henry White; that said White continued to hold said note after the maturity thereof; that after the maturity of said note, while said White still held said note, an agreement was entered into between the maker and holder thereof by which the maker agreed to pay to such holder money for the extension of the time of the payment of said note, and that said maker paid to said holder and said holder received money for such extension, and that such agreement between the maker and holder was without the consent of the defendant,—then the defendant is discharged from all liability on said note and plaintiff cannot recover against him."

Which the court refused.

The court then, of its own motion, declared the law as follows:

" The court declares the law to be, that an agreement made after maturity between the maker and endorsee of a promissory note bearing by its terms ten per cent. interest after maturity, to the effect that the endorsee would not sue the maker as long as the maker would continue to pay fifteen per cent. per annum interest upon the note, is an agreement made without consideration, not binding on either, and

does not discharge the endorser; that the note bearing by its terms the highest rate of interest allowed by the law, an agreement to pay a still higher rate is usurious and void, and, as it cannot be enforced on the part of the endorsee, it cannot estop him from suing even in equity."

*C. D. Coleman,* for appellant.

I. The agreement to pay and to receive money for the extension of the time of payment was consummated by the payment and receipt thereof.

Although there was no specific time to which such extension should extend as appears from the evidence, yet it does appear that an amount had been paid, which, according to the value of interest agreed upon, would have extended the time beyond the time when the action was commenced; and if the time was extended for one hour only by a valid and binding contract between the holder and maker of the note without the consent or concurrence of the endorser, the endorser is discharged—Hubbley v. Brown, 16 Johns. 70, and cases cited; King v. Baldwin, 20 Johns. Ch. 554, 561-2; U. S. v. Hatch, 6 Pet. 250, 259; 12 Wheat. 554; Smith v. Rice, 27 Mo. 505, and cases cited; Globe Ins. Co. v. Carson, 31 Mo. 218, 222.

II. The court erred in giving the instruction that was given on its own motion, because the arrangement between the maker and holder of the note did not rest in mere contract to pay an usurious rate of interest, or to pay a certain or uncertain sum for an extension of time of payment of the note, but had been consummated by an actual payment and receipt of the money.

*John B. Higdon,* for respondent.

FAGG, Judge, delivered the opinion of the court.

This was an action instituted by the holder of a negotiable promissory note against the endorser. The note was duly protested and the suit commenced before a justice of

the peace in St. Louis, where there was a trial and verdict for the plaintiff, and thence taken by appeal to Law Commissioner's Court. The trial in that court having resulted in favor of the plaintiff, the proper steps were taken and the case brought here by appeal.

There is only one question presented by the record. On behalf of the defendant below (appellant here) the maker of the note was introduced as a witness, and testified substantially that without the knowledge or consent of the endorser he made a verbal agreement with the holder for an extension of the time of payment, upon the condition that he should pay interest on the same at the rate of fifteen per cent. per annum; that in pursuance of that agreement he paid at different times money which was to be credited to him for the interest calculated at the said rate, and thereupon the holder promised to extend the time of payment to an indefinite period. The trial was before the court sitting as a jury, who declared the contract for the extension of time to be usurious and void, and found for the plaintiff.

The law of this case has been so well settled that there is no necessity for restating the reasons upon which it rests. There was no contract here of which the maker could have availed himself to prevent a recovery by the holder before the expiration of the time which he had agreed to wait. There was no period of time after the notice of protest that the endorser could not have paid the amount of the note and pursued his remedy against the maker. If the fact could be shown that the maker had really paid more than the amount of interest due upon the note by the terms of the contract, the excess would go to the extinguishment of so much of the principal, and, instead of being prejudicial to the endorser, would be directly for his benefit; therefore, the contract was not such as to discharge the endorser.

The other judges concurring, the judgment of the court below will be affirmed.