WILLIAM E. HOSEA, Respondent, *vs.* CLAUDIUS A. ROWLEY and ABRAM NAVE, Appellants.

57  357
38a 486
57  357
57a 271

1. *Promissory notes—Extension—Payment of interest in advance—Discharge of sureties.*—A promise of extension upon a note, in order to discharge a surety thereon, must be such as will prevent the holder from bringing an action against the principal; and the taking of interest in advance will not constitute such a promise.

### *Appeal from Buchanan Circuit Court.*

*B. F. Loan,* for Appellants.

I. The facts in this case bring it fully within the rule which exonerates sureties. (Rucker vs. Robinson, 38 Mo., 158; Smarr vs. Schnitter, 38 Mo., 481.)

*Judson & Barnard,* for Respondent.

I. Mere forbearance, given to the maker of a note, will not release the surety from his liability. To discharge the surety it is necessary that the creditor should have made some valid agreement with the principal debtor, by which the creditor's right to enforce his contract is suspended, and his hands tied for a definite period. (Reynolds vs. Wait, 5 Wend., 501.) Such an agreement must have a valid consideration to support it. (Ford vs. Beard, 31 Mo., 459; Rucker vs. Robinson, 38 Mo., 154.)

II. The payment of interest in advance, or the payment of usurious interest, is not a sufficient consideration to support such an agreement and give it validity. (Marks vs. Bank of Mo., 8 Mo., 316 ; Wiley vs. Hight, 39 Mo., 130.)

NAPTON, Judge, delivered the opinion of the court.

This was a suit on a note for $2,000, due in four months, which was executed by Rowley and Nave, and was due April 22, 1871. Rowley was principal and Nave surety, though the note did not on its face show this. When the note fell due, the principal debtor, Rowley, paid on it $400 and interest in advance, at the rate of 12 per cent. for four months; and this was repeated at the end of another four months.

Receipts on the note were entered for these amounts. · The understanding was, that the principal debtor should have four months longer; but there is no written instrument to that effect, nor any verbal one, except what may be inferred from the receipt of interest in advance for the four months, and a declaration of the creditor to the principal debtor, that he would wait so much longer.

The defense of the surety is, that he was discharged by giving this further time to the principal, without his consent.

In the case of Oxford Bank vs. Lewis, (8 Pick., 458) it was decided that taking interest in advance did not constitute such a promise for extension as precluded suit by the holder against the principal. This view of the law was re-iterated in Blackstone Bank vs. Hill, (10 Pick., 153); and it is there observed : " The principle is stated in Oxford Bank vs. Lewis, that to discharge the surety, the contract for new credit must be such as will prevent the holder from bringing an action against the principal. The plaintiffs were not precluded, during such supposed renewed terms of credit, from suing the principal in the case under consideration."

" The strongest circumstance showing a renewed credit, is the receiving interest in advance; but in the case of the Oxford Bank vs. Lewis, where that point was expressly adjudicated, it was held that that circumstance did not tie the hands of plaintiffs, if at any time they thought it necessary for their security to bring an action."

These cases were cited by this court with approbation in Rucker and others vs. Robinson and others, (38 Mo., 158); and the court in that case further observed : "It is well settled, that a covenant not to sue upon a claim, cannot be pleaded to, and presents no bar to, an action on the claim ; the only remedy of the covenantee being a suit for damages on the covenant or agreement." And to support this position the court cites the cases of Atwood vs. Lewis, (6 Mo., 392) ; Bircher vs. Payne, (7 Mo., 462); Bridge vs. Tiernan, (36 Mo., 439); and proceeds thus : " Hence it has been held, that an express covenant not to sue the principal debtor for a certain or pre-

scribed time, will not discharge the surety, because, notwithstanding the agreement, suit may be brought at any time, and the covenant is no bar, but only gives the covenantee an action for damages." (Perkins vs. Gilman, 8 Pick., 229; Fallerm vs. Valentine, 11 Pick., 156; Doe vs. Tuttle, 4 Mass., 414, might also be cited.)

And this view seems to be sustained by this court in the case of Nichols vs. Douglas and McCulloch, (8 Mo., 49) where Judge Scott says: "Now, if the creditor has given time to the debtor, the surety cannot sue. What is the giving time? It is not a mere promise of indulgence; it is the act of the creditor depriving himself of the power of suing, by something obligatory, which prevents the surety from coming into a court of equity for relief, because the principal, having tied his own hands, the surety cannot release them."

And in Wiley vs. Hight, 39 Mo. 130, this opinion seems to be sustained.

We are aware that the cases on this point are conflicting, and that the decisions cannot be reconciled; but we are disposed to adhere to the decisions of this court, which have an undoubted tendency to restrict the attempts of obligees to evade the performance of their obligations to very narrow grounds.

That the creditor in this case had no intention to tie his hands, in regard to the note sued on, is apparent from the evidence. He proposed a new note; but the agent of the principal debtor having assured him that an extension of time on the old note would have no such effect, he made no further objection to the extension.

This case rests on the same ground that the decision did in Wiley vs. Hight, (39 Mo., 133). The payment of interest in advance did not prevent the creditor from suing at any time; and whether that interest was usurious or not does not matter, so far as a suit on the note for what was due, is concerned.

Judgment affirmed; Judge Vories not sitting; Judges Adams and Wagner concur; Judge Sherwood absent.