———o———

George W. Coster, Appellant, *vs.* Peter Mesner, *et al.*, Respondents.

1. *Bills and Notes—Extension of time of payment—Sureties—Interest in advance.*—A promise of extension of time upon a note, in order to discharge a surety, must be such as will prevent the holder from bringing an action against the principal. The taking of interest in advance will not constitute such a promise. (Hosea vs. Rowley, 57 Mo., 357.)

*Appeal from Jasper Circuit Court.*

*Johnson & Botsford*, for Appellant.

I. The receipt of a sum of money, in payment of the interest on the note to a future day, did not, without reference to, or against, the express intention of the parties, constitute, in law, a contract to extend the time of payment. (Freeman's Bank vs. Rollins, 13 Me., 202; Mariners' Bank vs. Abbott, 28 Me., 280; Oxford Bank vs. Lewis, 8 Pick., 458; Blackstone Bank vs. Hill, 10 Pick., 129; Central Bank vs. Willard, 17 Pick., 150; 1 Par. Notes and Bills, 241.)

*W. H. Phelps*, for Respondents.

I. The receipt of interest in advance after maturity is sufficient consideration to discharge a surety, and is an extension of time. (1 Par. Bills and Notes, 240 ; N. H. Sav. Bank vs. Colcord, 15 N. H., 119 ; Chute vs. Pattee, 37 Me., 102.)

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced by plaintiff against defendants, Mesner, Motherspaw & Gates, upon a promissory note. Mesner failed to appear, and judgment was rendered against him by default. Motherspaw and Gates filed their answer, stating that they signed the note as security for their co-defendant, Mesner, which plaintiff well knew at the time he took the note ; that after the note became due, the plaintiff, in consideration of forty dollars to him paid by Mesner, the principal, extended the time of payment thereof without the knowledge or consent of the securities. The replication did not deny that Motherspaw and Gates were sureties, but it denied extending the time of payment.

Upon the trial the evidence showed, that on the 10th day of August, 1872, after the note was due, Mesner paid forty dollars on the same, and that the plaintiff with that money extinguished the accrued interest, and applied the balance in payment of the interest up to the 20th day of September following. There was no evidence to establish any agreement in reference to an extension of time. The court then at the instance of the defendants instructed the jury, that, if defendant, Peter Mesner, on the 10th day of August, 1872, paid plaintiff on said note a sum of money, which plaintiff received on said note as the full payment of the interest on said note to the 20th day of September, 1872, without the knowledge or consent of defendants Motherspaw and Gates, they will find the issue for the defendants.

The following instruction was asked for by the plaintiff, which the court refused : "If the jury should find, that, after the note became due, the interest thereon was paid by Mesner to a time ahead, yet unless the jury should further find

that plaintiff for a valuable consideration, and without the knowledge or consent of Motherspaw and Gates, agreed to extend the time of payment after the note became due, then and in that event they will find the issue for the plaintiff." There was a verdict and judgment for defendants, and plaintiff appealed.

It is very clear that the instruction given for defendants should have been refused, and that the instruction asked by the plaintiff should have been given. The established doctrine in this court is, that a promise of extension of time upon a note, in order to discharge a surety thereon, must be such as will prevent the holder from bringing an action against the principal, and the taking of interest in advance will not constitute such a promise.

This very question was recently decided in the case of Hosea vs. Rowley, (57 Mo., 357,) upon the full consideration or the authorities, and it is unnecessary to repeat what was there said, or to re-examine the reasons upon which that decision was based.

The judgment will be reversed and the cause remanded; the other judges concur except Judge Vories, who is absent.