## C. NOLL, Respondent, v. H. OBERHELLMANN ET AL., Appellants.

### St. Louis Court of Appeals, January 19, 1886.

1. PROMISSORY NOTES—PLEADING—SURETIES—DISCHARGE.—In an action on a promissory note, an allegation in the answer that one of the defendants, being an indorser thereon without any consideration moving to him, was discharged by the subsequent giving of a deed of trust to secure the debt, without his consent, is equivalent to an allegation that the particular defendant had written his name on the back of the note as surety for the maker, and was discharged by the matter subsequent.

2. —————— The giving of a note secured by a deed of trust maturing at a date later than the original note for which it is given as collateral security, does not release the surety on such original note, though it be given without such surety's consent or knowledge.

3. —————— EVIDENCE.—A co-maker of a promissory note not negotiated in the usual course of business, may show by evidence *aliunde* that it was understood by the parties that his liability was that of a surety, and that he has been discharged by such matters subsequent as would discharge any other surety.

4. —————— An accommodation indorser is regarded as a surety for the maker of a note not negotiated in the ordinary course of business.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Affirmed.*

HENRY W. BOND, for the appellants: The fact of taking a deed of trust to secure an overdue note, which deed of trust is not enforceable for a definite time, will constitute an agreement for delay for such time as the deed of trust has to run, and will discharge a security on the note secured by such trust who was not privy to the taking of the same. *Smarr v. Schnitter*, 38 Mo. 481, 482; *Roberts v. Moseley*, 64 Mo. 507. An indorser of a note who signs the same, though neither payee nor indorsee at the time, by the consent of all parties that he

shall be security only, is not bound as joint maker, and is discharged by anything which, in law, would operate to release a security on the note. *Spurlock v. Union Bank*, 4 Humph. (Tenn.) 337 ; *Golladay v. Bank*, 2 Head. (Tenn.) 64 ; *Belote v. White*, 2 *Id.* 713 ; *Swan v. Hodges*, 3 *Id.* 254 ; *Ford v. Dallam*, 3 Cald. (Tenn.) 71 ; *Durham v. Price*, 5 Yerger, 300 ; *Williams v. Union Bank*, 9 Heisk. (Tenn.) 443 ; *Bogart v. McClung*, 11 *Id.* 113 ; *Seay v. Ferguson*, 1 Tenn. Ch. 294. Any act which will discharge a surety will discharge an indorser. *Love v. Allison*, 2 Tenn. Ch. 116 ; *Weimer v. Shelton*, 7 Mo. 237.

FISHER & ROWELL, for the respondent: The mere acceptance of the deed of trust by the respondent, without an agreement to extend the time for payment of the note in suit, did not operate as an extension, nor release Niedringhaus. At most it was only additional security. *Nugent v. Curran*, 77 Mo. 323 ; *Headlee v. Jones*, 43 Mo. 235 ; *Globe Mut. Ins. Co. v. Carson*, 37 Mo. 218 ; *Rucker v. Robinson*, 38 Mo. 158 ; *Hosea v. Rowley*, 57 Mo. 357 ; *Coster v. Mesner*, 58 Mo. 549 ; *First National Bank v. Leavitt*, 65 Mo. 562 ; *Newcomb v. Blakely*, 1 Mo. App. 289.

THOMPSON, J., delivered the opinion of the court.

This action is brought against the defendants as joint makers of a promissory note for five hundred dollars, made in favor of the plaintiff. The name of the defendant, Niedringhaus, was written on the back of the note, and he was neither the payee nor an indorsee of the same.

The answer of Oberhellmann was a general denial, and also a special defence, to the effect that the note had been extinguished and discharged by the subsequent giving of another note secured by a mortgage. The answer of Niedringhaus was a general denial, the same special defence as that of Oberhellmann, and, also, three other special defences, the last of which, only, need be considered, because all the others were put to the jury upon

appropriate instructions, and no point is made with reference to them. This last special defence was as follows: "For a fifth defence, said defendant, Niedringhaus, says, that plaintiff, well knowing that he was only an indorser on said note without consideration for said indorsement, entered into a contract with Oberhellmann, the maker of said note, whereby it was agreed that a definite time of about three years should be given said Oberhellmann to pay said note, and in consideration of said extension, said Oberhellmann made a new note, secured by trust, to said plaintiff, and that this contract was made by said parties without the knowledge or privity of defendant, Niedringhaus ; that said contract was entered into before the bringing of this suit."

Concerning this special defence, it should be said that one of the defences set up that the understanding of the parties was that Niedringhaus was to be liable only as an indorser; that he so testified; that the plaintiff testified to the contrary; and that the court charged the jury that if there was such an agreement, they must find in favor of Niedringhaus. As their verdict was against Niedringhaus, as well as Oberhellmann, they must have found that there was no such an agreement.

Now, it is obvious that the word "indorser" was here understood by the jury to have the meaning of the word in the sense of the rule of law which entitles an indorser to seasonable notice of the non-payment of the note, for it was admitted that no such notice was given, and not in the sense of a surety. This must necessarily be so, because the evidence on both sides shows that Niedringhaus was merely a surety for Oberhellmann, and that such was the understanding of the plaintiff at the time he wrote his name on the back of the note. This testimony, that Niedringhaus was merely a surety, came both from him and from the plaintiff, and was admitted without objection.

Concerning the giving of the deed of trust, the defendant's testimony tended to show that when the note sued on had about a month in which to mature, Ober-

hellmann, being also indebted to the plaintiff in a further amount, tendered to her a note for six hundred and twenty-five dollars, having three years to run, secured by a certain deed of trust upon real property belonging to him, the same being the third deed of trust thereon ; and that this note and deed of trust were delivered to the plaintiff and accepted by her upon an agreement that they should extinguish the prior note. On the other hand, the plaintiff's testimony was to the effect that the defendant, Oberhellmann, gave her the deed of trust, saying that a judgment was about to be recovered against him, and he wanted to give her the deed of trust ; that the note recited in the deed of trust for six hundred and twenty-five dollars, was never executed, so far as she knew ; that it was never delivered to her, and that she never saw it. There is no evidence in the case of any agreement between her and Oberhellman that the execution of this deed of trust should operate as an extension of the five hundred dollar note. Of the giving of this deed of trust, Niedringhaus knew nothing.

Now, the court, taking the theory of this transaction made by the testimony of Oberhellmann, charged the jury to the effect that if there was an understanding that this note and deed of trust should be received and accepted as payment of the five hundred dollar note, they must find in favor of both defendants. But the court refused to give the instructions offered by the defendants, to the effect that the giving of this new note and deed of trust, or the giving of the deed of trust to secure the note sued on, would have the effect of discharging him, provided he signed the same as an indorser or surety. The refusal so to instruct the jury raises the only question which the counsel for the appellants press upon our attention.

I. It is doubtful whether this question has been so distinctly presented by the pleadings as to put the court in the wrong for refusing so to instruct the jury. It is a principle of practice adhered to by the supreme court, that, in instructing the jury, the trial court is to confine the instructions to the issues made by the pleadings.

We have set out above the paragraph of the answer by which this defence is supposed to be presented. It will be observed that it nowhere states that Niedringhaus signed the note as surety, but that it states that he signed it as an indorser without consideration, the plaintiff well knowing that fact. As already stated, he signed the note in such form that, *prima facie*, he was a joint maker, and the jury have found under another instruction that he was not an indorser at all. But, in our law, an accommodation indorser, is regarded as a surety for the maker. *Weimer v. Shelton*, 7 Mo. 237, 239, per Napton, J. And accordingly, it is held, that a valid agreement between the maker and the payee of a note to extend the time of payment, will discharge such an indorser unless he assent to it. *Globe Mut. Ins. Co. v. Carson*, 31 Mo. 218.

This is not incompatible with the further rule that, as among themselves, successive accommodation indorsers are not entitled to contribution as co-sureties, unless they had an understanding to that effect. *McCune v. Belt*, 45 Mo. 174.

In view of this, and in view of the rule that, while doubtful allegations of a pleading are to be taken more strongly against the pleader, yet a pleading is not to receive, against the pleader, a harsh or stringent interpretation ; we think that the paragraph of the answer set out, fairly raises the defence that Niedringhaus wrote his name on the back of the note with the knowledge of the plaintiff, as a surety for Oberhellmann, and, as such surety, was discharged by the extension of time alleged to have been given to Oberhellmann when the deed of trust was given by him to the plaintiff. This is the reasonable interpretation of the pleading, and both parties seem to have so understood it.

II. As there was no evidence tending to show an agreement at the time the plaintiff accepted the deed of trust, to extend the time for the payment of the note sued on, the naked question remaining is, whether the deed of trust necessarily imports such an agreement. It is clear that such is not the necessary effect of the giving

of such a deed. It was not given to secure the note sued on, but to secure another note. The fact that this other note had three years to run, does not necessarily import an agreement that the plaintiff would forbear the payment of the note sued on during that time. If this were so, it would result that the giving of any unmatured obligation as additional collateral security would, *ipso facto*, operate to discharge the surety for the debt intended to be further secured. This is not the rule. The rule is, that the giving of additional security by the principal debtor, without the knowledge or consent of a surety, does not discharge such surety, unless there is a distinct agreement that the creditor shall extend the time for paying the principal debt, or unless the taking of the additional security estops the creditor from enforcing payment of the original debt according to its terms, and operate as an extension as matter of law. *Globe Mut. Ins. Co. v. Carson*, 31 Mo. 218; *Rucker v. Robinson*, 38 Mo. 154; *Headlee v. Jones*, 43 Mo. 235.

The only case referred to by the learned counsel for the appellant, which, with any plausibility could be regarded as supporting his position on this point, is *Smarr v. Schnitter* (38 Mo. 478). But there the deed of trust was given in terms to secure the note, which was evidence of the principal indebtedness, long past due, and containing on its face a covenant that the note should not be enforced against one of the parties to it for the period of eighteen months. Other cases to which we are cited are merely to the general effect that an extension given by the creditor to the principal debtor upon a good consideration, such as disables the creditor from enforcing payment of the obligation according to its terms, will operate to release a non-consenting surety, a principle which, of course, is not doubted. *Semple v. Atkinson*, 64 Mo. 504; *Stillwell v. Aaron*, 69 Mo. 539; *Williams v. Jensen*, 75 Mo. 681; *Wild v. Howe*, 74 Mo. 551.

Nor is it doubted that this principle may be invoked to discharge from liability one who, like Niedringhaus, in this case, has executed the note as a co-maker, pro-

vided the note, as here, was given for money borrowed in pursuance of a previous negotiation, and was not negotiated in the ordinary course of trade. *Stillwell v. Aaron*, 69 Mo. 546. But, for the reasons stated, we must hold that the defendant, Niedringhaus, is not brought within this rule.

The judgment of the circuit court is accordingly affirmed. All the judges concur.

Concurring opinion of ROMBAUER, J.

I deem it necessary to express my opinion on the subject, whether or no, there was evidence tending to show a contract for extension of time of payment between the plaintiff and Oberhellmann, by which the defendant, Niedringhaus, became discharged, being only a surety.

The defendant, Niedringhaus, was charged in the petition as a joint maker. The plaintiff could not recover unless she proved that he was a joint maker of the note. *Perry v. Barrett*, 18 Mo. 140, 145. The fifth defence considered in the opinion of the court, claims that Niedringhaus was an indorser, other defences set up payment of the note. The court instructed the jury that if they found that Niedringhaus was a joint maker of the note, the plaintiff was entitled to recover, unless they further found that the note was paid. If they found that he was an indorser, the plaintiff could not recover.

These were the only issues under the pleadings, and the instructions were strictly correct.

I, therefore, concur in affirming the judgment, while I can not concur in the reasoning of the opinion.