J. W. RUSSELL, Appellant, v. J. B. BROWN ET AL., Respondents.

St. Louis Court of Appeals, February 23, 1886.

1. PRINCIPAL AND SURETY—DISCHARGE OF SURETY.—An agreement, for a valuable consideration, by a creditor with his principal debtor which does not suspend his right of action on the demand, and which is not enforceable either at law or in equity, will not discharge the surety.

2. ——— EVIDENCE.—The taking of interest for a definite period in advance of the time when the note fell due, is not evidence of a promise by the creditor which suspends his right of action against the maker, and is not sufficient to take the case to the jury upon the question as to whether the surety is discharged.

3. ——— The taking of interest in advance, coupled with other acts, declarations, and circumstances, which tend to show an understanding that the creditor would not sue the principal debtor until the expiration of the time to which advance interest had been taken, is proper to be submitted to the jury upon the issue as to whether the surety was discharged.

4. EQUITY—APPELLATE PRACTICE.—Appellate courts will, in the absence of any substantial evidence to support a defence in an equity proceeding in which the defendant has been successful, reverse the decree and remand the cause with specific directions as to the judgment to be rendered by the trial court.

APPEAL from the Hannibal Court of Common Pleas, THEO. BRACE, Judge.

*Reversed and remanded with directions.*

SMITH & HARRISON and G. D. BANTZ, for the appellant: The payment of interest in advance is not evidence of an agreement to extend the time of payment of a note, and, therefore, a surety will not be discharged thereby. *St. Joseph Ins. Co. v. Hauck*, 71 Mo. 465; *Hosea v. Rowley*, 57 Mo. 357; *Coster v. Mesner*, 58 Mo. 549; *First Nat. Bank v. Leavitt*, 65 Mo. 562.

ANDERSON & FOREMAN, for the respondents: Pay-

ment of interest in advance is a good consideration for the extension of the time of payment of a note. *Stillwell v. Aaron*, 69 Mo. 539. The agreement made between the holder of the note and the maker for an extension of the time of its payment, by which the surety is discharged, may be "written or verbal, express or implied." 3 Cent. L. J. 630, elaborate note to *Danforth v. Semple*; *Bangs v. Strong*, 7 Hill, 250; *Brooks v. Wright*, 13 Allen, 72. The payment of interest in advance on a matured note is evidence of an agreement to extend time of payment. *Oxford Bank v. Lewis*, 8 Pick. 458; *Woodburn v. Carter*, 50 Ind. 376.

THOMPSON, J., delivered the opinion of the court.

This was an action on a promissory note. There was a default as to the defendant Coontz, and a verdict and judgment in favor of the defendant Brown, from which this writ of error is prosecuted by the plaintiff.

The defence of Brown was that he was merely a surety on the note, and that he had been discharged from liability as such by two extensions of time given by the plaintiff to Coontz, in consideration of the payment by Coontz of interest to a date in advance.

The evidence was to the effect that there had been several previous renewals of the indebtedness which had taken the form of the giving by Coontz of a new note with Brown as surety (he signing as a co-maker), Coontz paying the interest in advance. When the note sued on fell due, the plaintiff sent Coontz, by mail, a notice of the fact, as he had been accustomed to do in the case of former renewals, enclosing a new note to be executed in renewal of the old one. The defendant did not execute and return the renewal note, but, on the twenty-fifth of November, 1882, eight days after the maturity of the note sued on, wrote to the plaintiff: "Enclosed please find check for interest on note. Will send note this evening or Monday." The check was for a sufficient sum to pay interest on the indebtedness until the twentieth of March, 1883, a period of four months and three days, the

three days corresponding to the days of grace. The plaintiff thereafter indorsed upon the note, "Interest paid to March 20, 1883." According to one statement in the plaintiff's testimony, this instrument was made on March 20, the day to which interest had been paid; and according to another, about the first of April; and according to still another, shortly after he received the letter and check on the twenty-fifth of November. There was no evidence to the contrary. Before this period expired, the plaintiff again notified Coontz by letter, but did not again enclose a note to be executed in renewal. On the twenty-third of March, three days after the expiration of this period, Coontz wrote to the plaintiff, enclosing a check, it seems, for the sum of $320.50, "to apply on the six hundred dollar note [a note not here in controversy], and pay interest sixty days on the balance, and fifteen dollars to pay on the Brown [the note in suit] note four months, which I hope will be satisfactory." This check was not paid by the bank upon which it was drawn, but that bank, after holding for fifteen or twenty days, returned it to the plaintiff, who put it into the hands of his attorney for collection. The amount for which it was drawn was paid by Coontz to the plaintiff's attorney some time in June following. The plaintiff thereafter placed a second indorsement upon the note, as follows: "And int. pd. to July 23, 1883." This indorsement, according to the plaintiff's testimony, not contradicted, was made about the twenty-eighth day of June. This, it is perceived, would be four months and three days from the time to which the interest had been previously paid, the three days being analogous to days of grace. On July 23, 1883, the day to which this second payment of interest reached, the plaintiff wrote to the defendant Brown, as follows: "We hold a note of five hundred dollars against you and Benton Coontz, due and unpaid."

This was the substance of the evidence, uncontradicted on any material point, save for discrepancies in the plaintiff's own statements as above pointed out. From what above appears, there was no agreement be-

tween the plaintiff and Coontz for the renewal or extension of the note, nor were there any negotiations between them with reference to a renewal or an extension. Neither of these two indulgences, which were granted by the plaintiff to Coontz, was known to Brown, or authorized by him.

The court submitted the case to the jury on the following instruction, requested by the defendant, to the giving of which the plaintiff excepted: "If the jury find, from the evidence, that the defendant Brown was a surety on the note in suit, and that the plaintiff having notice of that fact, did, at any time after the maturity of said note, without the knowledge of defendant Brown, by agreement with defendant Coontz, accept from said Coontz any interest in advance on said note to a certain day in the future, and in consideration of such payment of interest extend the time of payment of such note to the time to which such interest was paid, then by such extension the defendant Brown was discharged from further liability on said note, and the verdict of the jury must be for the defendant Brown.

"To prove such agreement as above stated, it is not necessary that the jury should find, from the evidence, that such agreement was made in express terms by and between the plaintiff and the defendant Coontz; but the jury, in determining the question of such agreement, may take into consideration all the facts in evidence in the case, and may infer such agreement, by implication, from the facts in evidence in the case, if, in their opinion, considering all the facts in the case, admitted in evidence, such implication can be justly and reasonably made."

This instruction, though correct as an abstract proposition of law, is not correct in its application to the evidence in the case. The sole question for decision is whether the facts above detailed amount to *evidence* of a binding agreement between the plaintiff and Coontz to extend the payment of the note to each of the two periods to which the interest was paid, or to either of them. If there was such an agreement as estopped the plaintiff

from bringing an action against Coontz on the note, until the expiration of either of these two periods of time, then there can be no recovery against Brown ; otherwise, there can be a recovery against him, for the settled rule in this state is that, if a creditor for a vauable consideration, makes an agreement with the principal debtor, which suspends his right of action on the demand for a definite period of time, without the consent of the surety, it operates to discharge the surety, and that payment of interest in advance is a sufficient consideration for such an agreement. *Stillwell v. Aaron*, 69 Mo. 539 ; *St. Joseph F. & M. Ins. Co. v. Hauck*, 71 Mo. 465. But no agreement which does not so suspend the right of action of the creditor against the principal debtor, or which is not enforceable either at law or in equity will have this effect. *Noll v. Oberhellmann*, 20 Mo. App. 336, and cases cited. But while the taking of interest to a definite period of time in advance of the time when the note fell due will be a good *consideration* to support such promise, if the promise was in fact made, it will not be of itself *evidence* of such a promise, because this fact of itself does not disable the creditor from suing. *Hosea v. Rowley*, 57 Mo. 357.

Were any other facts disclosed by the above evidence which, taken in connection with the fact of the payment of the interest in advance, would warrant the court in leaving it to the jury to say whether there was not an agreement between the plaintiff and Coontz to extend the time of the payment of the note? We can not see that there were. The taking of the interest in advance, while not of itself sufficient to show such an agreement, is no doubt a relevant circumstance which, taken in connection with facts and circumstances which may exist in particular cases, would be sufficient to warrant this conclusion. We do not suppose that it is necessary that such an agreement should be shown to have been made in express words. We do not doubt that there may be circumstances which, without any express words, will lead irresistibly to the conclusion that such an agreement was made. We

do not doubt the soundness of the statement of doctrine in a Massachusetts case, that "it is a question of mutual understanding and intention, and, like other contracts, the agreement of the parties may be derived from and inferred by acts, declarations, and circumstances," and that "when such are the sources from which the mutual agreement of the parties is to be gathered, it is for the jury to determine what the intentions and understanding were, if any, upon which the minds of the parties met. That is their contract." *Brooks v. Wright*, 13 Allen, 72, 76. But this supposes that there were "acts, declarations, and circumstances," from which such an understanding is fairly inferable; and this brings us back to the very question in the case.

It is to be observed that the above evidence does not show that any request was ever made by Coontz for an extension, or that any intimation was ever made by the plaintiff to him that an extension would be accorded, except upon the terms upon which the previous extensions had been accorded, namely, upon the giving of a new note indorsed by Brown, and the payment of the interest or discount in advance. In the case of the first indulgence which is here in question, a renewal was tendered by the plaintiff to Coontz on these terms, but he failed to comply with the terms proposed to him, and what followed until the twentieth of March, 1883, was manifestly nothing more than a mere indulgence, such as did not estop the plaintiff from bringing and maintaining an action upon the note during the intermediate time. In respect of the second renewal, nothing appears but the transmission by Coontz of a check which included money to pay the interest in advance for another four months, without a distinct request for an extension of the time to which such interest would have been paid had the check been honored, but which check was dishonored, and was not, in fact, paid until about three months thereafter; there being at no time an intimation on the plaintiff's part that the payment of the interest would work an unconditional renewal until the twenty-third day of July,

the date to which the final payment of the check carried it. In all this, we can see no evidence of a binding agreement for a renewal. The question was, therefore, submitted to the jury without evidence, and the verdict is without evidence to support it.

The burden of proof was upon the defendant Brown to make out his special defence. He failed to introduce any substantial evidence to sustain it. The plaintiff was, therefore, as a mere conclusion of law, entitled to a judgment on the note against him, as well as against the other defendant.

It is, therefore, ordered that the judgment of the circuit court be reversed, and the cause remanded with directions to enter judgment against both of the defendants for the amount of the note with interest. All the judges concur.