CITIZENS' BANK OF BOWLING GREEN, MISSOURI, Appellant, v. JOHN B. MOORMAN, Respondent.

St. Louis Court of Appeals, December 24, 1889.

**Bills and Notes: DISCHARGE OF SURETY.** Proof that, after the maturity of a promissory note, the maker of the note paid interest on it to the holder, and that such interest was paid in advance for a definite period, does not, of itself, establish a binding agreement between these parties for the extension of the payment of such note, and therefore will not, in the absence of other substantial evidence, establish a defense by a surety that such an agreement had been made without his consent.

*Appeal from the Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED (*with directions*).

*Jos. Tapley* and *Clark & Dempsey*, for the appellant.

There is no evidence tending to show either that Pohlman ever asked an extension of time on said notes, or that plaintiff ever suggested any such extension, or that any extension was agreed upon so as to suspend plaintiff's right of action. This case does not differ in any material respect from that of *Russell v. Brown*, 21 Mo. App. 51. See also *Hosea v. Rowley*, 57 Mo. 357; *Coster v. Mesner*, 58 Mo. 549. The payment of interest in advance will not of itself establish an agreement for an extension. See cases above cited.

*D. A. Ball* and *Robinson & Ferrell*, for the respondent.

There was abundant testimony to support the verdict. The payment of interest in advance several times, the circumstances surrounding such payments, the

statement of the cashier that his custom in regard to notes was to require renewal at maturity, or, in lieu thereof, the payment of interest advance, the testimony of the bookkeeper, Pollard, that when the bank gave extensions of time the credits were endorsed as payments of interest so as to be evidence of the extension; all tended very strongly to show agreements to extend the time. In fact these items of testimony cannot be explained on any other theory. An agreement to extend time of payment need not be proven by direct testimony. It may be established by circumstances. The case of *Russell v. Brown*, 21 Mo. App. 51, is not parallel to the case at bar. In that case there was no testimony whatever to show an extension except the payment of interest.

BIGGS, J., delivered the opinion of the court.

The plaintiff's action is on two promissory notes for three hundred dollars each. The notes were signed by one E. Pohlman and the defendant. Pohlman died after the maturity of the notes, and prior to the institution of this suit. The defendant in his answer admitted the execution of the notes, but he alleged that he signed them as a surety, and that he had been released from liability by reason of agreements or contracts between the plaintiff and Pohlman, by which the time for their payment had been extended, in that these contracts had been made without his knowledge or consent. The cause was submitted to a jury, and the verdict was for the defendant, and judgment was entered accordingly.

At the close of the evidence, the plaintiff asked an instruction in the nature of a demurrer to the defendant's evidence, which was refused by the court. This constitutes the plaintiff's first assignment of error.

The burden of proof was on the defendant to make out his special defense, and if he failed to introduce any *substantial* evidence to sustain it, then the judgment is wrong and will have to be reversed.

The evidence tends to prove that the defendant signed the notes as surety for Pohlman, and that, if contracts for extension of payment were actually made, as alleged by him, he had no knowledge of them at the 'time. The first note was dated December 3, 1887, and was due and payable ninety days after its date. The following endorsements appeared on the back of the note, to-wit: March 3, 1888, interest paid to June 3, 1888, $6.20. June 18, 1888, interest paid to September 3, 1888, $6.20. October 9, 1888, by interest $4.20. Interest paid to January 2, 1889, $4.20, December 31, 1888. The other note is of date April 6, 1888, and was payable ninety days after its date. The following credits were endorsed on this note, to-wit: July 11, 1888, by cash ($6.20) six and twenty-hundredths dollars. October 9, by interest, two and twenty-hundredths dollars. Interest paid to January 6, 1889, $4.20, December 31, 1888.

It has been held by this court, and the supreme court, that the receipt of interest in advance for a definite period does not, of itself, furnish *any evidence* of a valid contract for an extension of time for its payment ; and, unless there was other independent evidence tending to prove such contract, or unless such an agreement was fairly inferable from *other* circumstances established by the evidence, the issue as to whether the surety was discharged should not have been submitted to the jury. *Russell v. Brown*, 21 Mo. App. 51 ; *Stillwell v. Aaron*, 69 Mo. 539 ; *St. Joseph Fire & Marine Insurance Co. v. Hauck*, 71 Mo. 465 ; *Merchants' Insurance Co. v. Hauck*, 83 Mo. 21 ; *Hosea v. Rowley*, 57 Mo. 357 ; *Coster v. Mesner*, 58 Mo. 549. The defendant's counsel insists that, while the simple fact of the payment of interest in advance is not, of itself, sufficient evidence of a contract of extension, yet, when coupled with the other facts and circumstances shown by the evidence in this cause, it *was* sufficient to authorize the

court to submit the issue to the jury.   This position is correct,  provided  the other facts and circumstances relied on furnish *substantial evidence* of such a contract.   If the declarations and conduct of the parties, outside of the mere payment of the interest, do not have a tendency to establish such a contract, or if such an agreement is not fairly inferable from the declarations and conduct of the parties, then, in support of such a theory, it would not be proper either for the court or jury to draw any inferences from the payment of the interest in advance.

The cashier and assistant cashier of the plaintiff bank were the. only witnesses who testified concerning the payment of interest by Pohlman, and what was said and done by the parties at the time.   They were introduced as witnesses by the defendant, and their credibility must be considered as vouched for by him, notwithstanding they were the employes of the bank.   The cashier swears positively that he made no contract with Pohlman for an extension of time; that the interest was received without special agreement; that his action in the premises was a matter of indulgence; and that the bank could have sued on the notes at any time by refunding the unearned interest.   It clearly appears by the cashier's testimony that it was customary, in conducting the business of the bank, to allow .matured paper to remain in that condition; that, instead of taking a renewal note, or agreeing with the payees for a definite extension of time, the interest for either thirty, sixty or ninety days would be collected in advance, and the notes credited accordingly; and that, in such cases, the right of the bank to sue *was always reserved.*   The assistant cashier testified that, if there was any contract with Pohlman for an extension of time for the payment of the notes, he knew nothing of it.

It must be conceded that the positive declarations of these witnesses disprove the special defense relied on

by the defendant. However, the court was not compelled to accept their statements in respect of the conversations with Pohlman concerning the notes, unless their testimony was clear and unimpeached by other facts and circumstances, and failed to show evidence of falsehood or prevarication. *Chandler v. Fleeman*, 50 Mo. 239; *Lionberger v. Pohlman*, 16 Mo. App. 392. The mere fact that the witnesses were the employes of the plaintiff could not, and ought not, to effect the question, unless we should hold that from that fact alone the trial court and jury had, not only a right to disbelieve them, but to consider the assertion by them of one fact, as having some tendency to prove another fact diametrically the reverse. This we cannot do. *Boatmen's Savings Bank v. Overall*, 16 Mo. App. 510.

Under this view of the case, we are of the opinion that there was no *substantial* evidence of a contract, either express or implied, for the extension of the time for the payment of the notes in controversy. The testimony of the cashier and his assistant, as to the custom of the bank in dealing with overdue paper, is uncontradicted, and is not discredited by a single fact. The cashier states that he collected the interest from Pohlman in pursuance of this business rule; that there was no contract between them to the contrary; and that at any time the bank was at liberty to sue by refunding the unearned interest. This evidence completely disproves the defense, and we have been unable to find, in this record, any *substantial* evidence that this statement of the cashier is not true. The learned judge, before whom the case was tried, was of a different opinion, and this fact has led us to a very critical examination of all the evidence as preserved in the bill of exceptions, and our conclusion is that the opinion entertained by him is not fairly supported by the evidence, and it could only be upheld by such inferences as the law does not justify. This assignment of error will have to be ruled in plaintiff's favor.

As the action is upon notes, the execution whereof is admitted, and, as the only defense interposed by the pleadings was a release by extension, which was an affirmative defense, and which wholly failed under the evidence, the trial court should have entered judgment for the plaintiff. The judgment of the circuit court will, therefore, be reversed, and the cause remanded with directions to enter judgment for plaintiff for the amount due on the notes. All the judges concurring, it is so ordered.