## WILLIAM O. BURGE, Administrator, etc., Respondent, v. D. S. DUDEN, Appellant.

### Kansas City Court of Appeals, February 1, 1904.

1. **BILLS AND NOTES: Principal and Surety: Pleading: Judgment.** That defendant was a surety known to the payee in a promissory, that for years the principal was solvent and defendant's residence was well known to the payee, that defendant did not know the date of the note nor the post office address of the payee, that the principal had informed him the note was paid, that he did not learn the contrary until the principal was insolvent, and that if defendant had learned of the non-payment when it become due he could have protected himself, do not constitute a defense or estoppel and judgment may be rendered for the plaintiff on such answer.

2. ———: ———: **Notice to Sue.** A surety may give notice to the payee in a note to sue thereon and will be exonerated from liability if suit is not brought; but the passivity of payee without such notice will not release the surety.

3. ———: ———: **Name of Payee.** A surety is presumed to have read a note before he signs it, and can not be heard to claim ignorance of the name of the payee therein.

4. **APPELLATE PRACTICE: Reversal: Statute.** The statute enjoins on the appellate court not to reverse a judgment unless there has been error materially affecting the merits of the action.

Appeal from Henry Circuit Court.—*Hon. W. W. Graves*, Judge.

AFFIRMED.

*Peyton A. Parks* for appellant.

(1)   If a creditor lead a surety to believe the debt is paid, and the surety is injured, he is discharged. Brandt on Suretyship and Guaranty (2 Ed.), sec. 245. (2)   The surety who is a joint maker, or promisor, is discharged, if the creditor does not sue the debtor in a reasonable time, and the debtor becomes insolvent in the meanwhile.   Pain v. Packard, 13 Johns. 174, 17 Johns. 384.   (3)   The executors of surety of a bond payable on demand, who are sued four years after its date, and after the obligator became insolvent, are not liable.   Weaver v. Shryock, 6 Serg. & R. 262.   (4) Where a *cestui que trust,* who is entitled to receive yearly the income from the trust fund, does not demand the income for nineteen years she is guilty of such laches as will preclude a recovery of the unpaid income from the sureties on the trustee's bond.   70 Hun 317; People v. Donnelly, 24 N. Y. Supp. 437; In re Niewands' Estate, 23 Pitt's Leg. J. (N. S.) 385.

*John Cosgrove* for respondent.

(1)   Passivity of O. F. Burge did not discharge the defendant from his liability even though he was a surety for Elgers.   Daniel on Nego. Instruments, vol. 2, sec. 1339.   (2)   Treating the defendant as surety for Elgers the rule is the same.   Russel v. Brown, 21 Mo. App. 51.   (3)   The answer set up no defense to the note sued on and the motion for judgment, notwithstanding the answer, was proper practice.   Nelson v. Wallace, 48 Mo. App. 193; North v. Nelson, 21 Mo. 360; McQuillan's Pl. and Pro., vol. 1, sec. 461; 11 Ency. Pl. and Pr., pp. 1031 and 1047.

SMITH, P. J.—This is an action which was brought by plaintiff against defendant on a promissory note for $600 payable to the order of the former's intestate one

year after the date thereof, to-wit, December 5, 1894, at the "Banking House of Salmon & Salmon, Clinton, Mo." The note was executed by defendant and one Elges who was not joined as a defendant.

The answer of defendant Duden admitted the execution of the note sued on and alleged (1) that defendant was merely the surety on said note and so known to be by the payee therein, the plaintiff's intestate; (2) that Elges at the time of the execution of said note and for several years thereafter was solvent; (3) that the residence of defendant was at all times well known to the payee of said note; (4) that defendant did not know at the date of said note, nor until the year 1901 the postoffice address of the payee therein; (5) that in 1897 he was informed by Elges that said note had been paid; (6) that if defendant had been advised that said note had not been paid when it became due he could have protected himself; (7) that he did not know until 1901 that said note had not been paid and that at about that time said Elges became insolvent; (8) that plaintiff for these reasons was estopped to maintain this action against him, defendant.

The conclusion of the answer was, that "defendant denies each other allegation contained in the petition." The trial court, on motion of the plaintiff for that purpose, gave judgment on the pleadings. The defendant appealed.

The facts pleaded by the answer manifestly constitute no defense to the plaintiff's action.

The statute put it in the power of defendant to require the payee of said note to bring suit thereon and provided that if such requirement be not complied with that he be exonerated from liability thereon to the payee. R. S., secs. 4500, 4501, 4502.

The answer alleges that the defendant did not know the name of the payee of the note. Having presumably read it before he signed it he could not be heard to claim ignorance of the name of the payee therein.

He could no doubt have ascertained the postoffice address of the payee had he inquired at the bank where the note was payable. No diligence is alleged to have been exercised by him in endeavoring to ascertain this fact. But, however all this may be, it is manifest that to sustain such a defense—to permit a surety on a negotiable note to become exonerated from his liability thereon upon any such grounds—would be to strike down the commercial value of all bills, bonds, notes and other securities.

The statute, as we have seen, provides for the exoneration of sureties from liability on such instruments and this is most generally the only way it can be accomplished. The passivity of the payee in the note did not have the effect to exonerate the defendant as surety. 2 Daniel on Neg. Inst., sec. 1339; Russell v. Brown, 21 Mo. App. 51. Until he received the statutory notice to sue he could remain passive. Nothing was required of him to keep alive his security. The plaintiff's right of action in his representative capacity is not put in issue by the answer. It stands impliedly admitted.

The statute expressly enjoins that we shall not reverse the judgment of any court unless we shall believe that error has been committed materially affecting the merits of the action.

In view of the admission and allegations of the the answer we can not say that the trial court by its judgment has committed error materially affecting the merits of the action. The judgment is so clearly for the right party that it must be affirmed. All concur.